FILED
04/04/2023
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Marriah Bradstreet
DV-15-2023-0000115-PI
Allison, Robert B
6.00

Aaron Brann
Kraig W. Moore
NORTH FORK LAW OFFICES, PLLC
6 9th St E, Ste 300
Columbia Falls, MT 59912
T: (406) 206-6133
F: (406) 290-1133
Aaron@northforklawoffices.com
kraig@northforklawoffices.com

*Attorneys for Plaintiff*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| **BRIDGET RODGERS,**<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**SMITH'S FOOD & DRUG CENTERS, INC.; J&I MAINTENANCE, INC.; J&S CLEANING LLC; and DOES 1-4,**<br><br>　　　　　　　　Defendant(s). | **Cause No.: DV-2023-115**<br><br><br><br>**FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL** |

**COMES NOW,** Plaintiff, Bridget Rodgers, by and through the undersigned attorney of record, and hereby complains and alleges as follows in her First Amended Complaint. Consent was obtained to file an amended complaint from counsel for Smith's Food & Drug Centers, Inc., and J&I Maintenance, Inc.

1. Jurisdiction for this cause lies within the State of Montana, in injuries, which are the subject of this Complaint, occurred within the State of Montana.

2. This cause arises from the injuries sustained by Bridget Rodgers on or around the date of July 6, 2022.

3. Upon information and belief, Smith's Food & Drug Centers, Inc. ("Smith's") is a foreign profit corporation doing business within the state of Montana.

4. Upon information and belief, J&I Maintenance, Inc. is a foreign profit corporation doing business within the State of Montana.

5. Upon information and belief, J&S Cleaning LLC is a foreign profit corporation doing business within the state of Montana.

6. Defendants Does 1-4 are persons, partnerships, corporations, or other entities, which may be responsible for Plaintiff's damages. To the extent necessary for Plaintiff to seek full legal redress, Plaintiff names Does 1-4 for potential substitution as real parties for any named Defendant or other subsequently discovered responsible parties. Plaintiff may need to amend pleadings to conform to actual companies/entities involved with, or responsible for, Plaintiff's damages, or involved with the underwriting or handling the claims.

7. At all material times, Plaintiff Bridget Rodgers was a resident of Flathead County, Montana.

8. At all material times, the defendant corporations or entities responsible for the injuries Ms. Rodgers were conducting business in the State of Montana.

## FACTS COMMON TO ALL COUNTS

9. On or around July 6, 2022, Plaintiff was patronizing Smith's in Columbia Falls.

10. While passing through the produce section of the grocery store, she slipped on a puddle of liquid and was seriously injured. This puddle of liquid had accumulated next to a pallet of watermelon on display for patrons of Smith's.

11. Plaintiff was unable to right herself and called out for help.

12. An employee of Smith's, thought to be the Deli manager, assisted her in filling out an incident report.

13. Plaintiff suffered physical injuries due to the negligent conduct of Defendants.

14. Plaintiff has suffered injuries and incurred special damages as a result of the actions of the Defendants as follows:

   a. Plaintiff has required medical treatment and surgery and anticipates the need for present and future medical treatment.

   b. Plaintiff has incurred expenses for medical treatment resulting from the fall and will incur additional medical expenses in the future.

   c. Plaintiff has and will suffer past, present, and future physical pain, suffering, and inconvenience resulting from his injuries.

   d. Plaintiff has suffered lost wages and income as she was unable to work for a significant period of time after these injuries.

   e. Plaintiff has suffered a loss of established course of life, damages that have restricted and will continue to restrict many Plaintiff's normal, well-established activities.

   f. Plaintiff has suffered a loss of household services due to injuries sustained and will continue to lose those services.

   g. Plaintiff has suffered and incurred other incidental and consequential damages.

   h. Plaintiff has suffered other economic damages.

   i. Plaintiff has suffered distress following Defendants actions that led Plaintiff to being unable to pay bills, or provide for himself for a period of time.

   j. To the extent the Defendant claims any pre-existing conditions are responsible for Plaintiff's conditions, symptoms, limitations, and/or damages, Plaintiff claims they were worsened/accelerated or otherwise unrelated and are unable to be apportioned.

15. Plaintiff has incurred pain, suffering, and inconvenience for which she is entitled to compensation under Montana law.

16. Plaintiff has submitted multiple requests for payment and provided multiple proofs of loss to Defendants or their agents.

17. Despite these facts, Defendant Smith's has completely denied liability, and Defendant J&I Maintenance, Inc. has taken no action on this claim.

<b><u>COUNT I</u></b><br><b><u>NEGLIGENCE</u></b><br><b>(As to Smith's)</b>

18. Plaintiff re-alleges the allegations contained in paragraphs 1 through 17.

19. Smith's owed Plaintiff a duty to exercise reasonable care in the operation and maintenance of its store.

20. Smith's, on or around July 6, 2022, breached this duty by failing to make that floor safe while Plaintiff was patronizing the store.

21. The puddle of liquid was an unsafe and dangerous condition.

22. Smith's knew or should have known that the puddle of liquid was on the floor in its produce section of the store, yet failed to take action to clean, or otherwise notify its patrons of the spill or accumulated liquid.

23. Plaintiff's injury was foreseeable to Defendants and each of them.

24. Smith's caused bodily injury to Plaintiff after failing make store safe for Plaintiff's use.

25. Smith's caused bodily injury to Plaintiff by creating a hazardous condition on its floor.

26. The injuries sustained by Plaintiff were caused by the negligence of Smith's without any negligence on the part of Plaintiff contributing thereto.

27. Plaintiff suffered injuries and incurred special damages and general damages as a result of Smith's negligence.

## COUNT II
## NEGLIGENCE
### (AS TO J&I Maintenance, Inc.)

28. Plaintiff re-alleges the allegations contained in paragraphs 1 through 27.

29. J&I Maintenance, Inc. owed Plaintiff a duty to exercise reasonable care in the operation and conduct of its cleaning business.

30. J&I Maintenance, Inc. breached this duty on or around July 6, 2022 by failing to adequately clean a puddle of liquid on the floor at Smith's.

31. The puddle of liquid was an unsafe condition.

32. J&I Maintenance, Inc. knew or should have known that the puddle of liquid was on the floor in the produce section of the store, yet failed to make known or otherwise warn of this dangerous condition, and/or failed to adequately clean it as part of its maintenance duties.

33. Plaintiff's injury was foreseeable to Defendants.

34. J&I Maintenance, Inc. caused bodily injury to Plaintiff after failing to make the floor of Smith's reasonably safe for Plaintiff's use.

35. J&I Maintenance, Inc. caused bodily injury to Plaintiff by creating a hazardous condition, or failing to clean a hazardous condition, on the floor of Smith's.

36. The injuries sustained by Plaintiff were caused by the negligence of J&I Maintenance, Inc. without any negligence on the part of Plaintiff contributing thereto.

37. Plaintiff suffered injuries, and incurred special and general damages as a result of J&I Maintenance, Inc.'s negligence.

## COUNT III

## **NEGLIGENCE**
### (AS TO J&S Cleaning LLC)

38. Plaintiff re-alleges the allegations contained in paragraphs 1 through 37.

39. J&S Cleaning LLC owed Plaintiff a duty to exercise reasonable care in the operation and conduct of its cleaning business.

40. J&S Cleaning LLC breached this duty on or around July 6, 2022 by failing to adequately clean a puddle of liquid on the floor at Smith's.

41. The puddle of liquid was an unsafe condition.

42. J&S Cleaning LLC knew or should have known that the puddle of liquid was on the floor in the produce section of the store, yet failed to make known or otherwise warn of this dangerous condition, and/or failed to adequately clean it as part of its maintenance duties.

43. Plaintiff's injury was foreseeable to Defendants.

44. J&S Cleaning LLC caused bodily injury to Plaintiff after failing to make the floor of Smith's reasonably safe for Plaintiff's use.

45. J&S Cleaning LLC caused bodily injury to Plaintiff by creating a hazardous condition, or failing to clean a hazardous condition, on the floor of Smith's.

46. The injuries sustained by Plaintiff were caused by the negligence of J&S Cleaning LLC, without any negligence on the part of Plaintiff contributing thereto.

47. Plaintiff suffered injuries, and incurred special and general damages as a result of J&S Cleaning LLC's negligence.

## COUNT IV
## NEGLIGENCE
### (AS TO JOHN DOES 1-4)

48. Plaintiff re-alleges the allegations contained in paragraphs 1 through 48.

49. Does owed Plaintiff a duty to exercise reasonable care in the operation and maintenance of its store.

50. Does, on or around July 6, 2022, breached this duty by failing to make the safe floor that Plaintiff was walking on.

51. The puddle of liquid was an unsafe condition.

52. Does knew or should have known that the puddle of liquid was on the floor in its produce section of the store, yet failed to make known or otherwise warn of this dangerous condition.

53. Plaintiff's injury was foreseeable to Defendants.

54. Does caused bodily injury to Plaintiff after failing make store safe for Plaintiff's use.

55. Does caused bodily injury to Plaintiff by creating a hazardous condition on its floor.

56. The injuries sustained by Plaintiff were caused by the negligence of Does without any negligence on the part of Plaintiff contributing thereto.

57. Plaintiff suffered injuries and incurred special damages and general damages as a result of Does negligence.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and each of them as follows:

1. For all general and compensatory damages proved and awarded by the jury or court;

2. For all exemplary damages proved and awarded by the jury or court;

3. For all other damages allowed by law and awarded by the jury;

4. For punitive damages as allowed by Montana law;

5. For Plaintiffs' attorney fees and costs; and

6. For such other and further relief as the Court deems just and equitable under the circumstances allowable under Montana Law.

## **JURY DEMAND**

1. Plaintiff hereby demands a jury trial on all claims triable by right.

Dated: April 4, 2023

                NORTH FORK LAW OFFICES, PLLC

            By: */s/ Aaron Brann*
                Aaron Brann
                6 9th St E, Ste 300
                Columbia Falls, MT 59912
                Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I, Aaron Brann, hereby certify that I have served true and accurate copies of the foregoing Complaint - Amended Complaint to the following on 04-04-2023:

Kenneth K. Lay (Attorney)
900 North Last Chance Gulch, Suite 200
P.O. Box 797
Helena MT 59624
Representing: Smith's Food & Drug Centers, Inc.
Service Method: eService

Kraig William Moore (Attorney)
6 9th St E
STE 300
Columbia Falls MT 59912
Representing: Bridget Rodgers
Service Method: eService

Kelsey A. Sabol (Attorney)
PO Box 797
Helena 59624-0797
Representing: Smith's Food & Drug Centers, Inc.
Service Method: Email

Jesse Beaudette (Attorney)
283 W. Front St. Suite 201
PO Box 7729
Missoula MT 59807
Service Method: eService
E-mail Address: jbeaudette@bebtlaw.com

Electronically Signed By: Aaron Brann
Dated: 04-04-2023